**In re THE WALLACE & GALE CO., Debtor.**

**The Aetna Casualty and Surety Company, Plaintiff,**

v.

**The Wallace & Gale Co., et al., Defendants.**

Bankruptcy No. 85–A–0092.
Civ. No. PJM 94–2327.

United States District Court, D. Maryland, Southern Division.

Sept. 18, 2002.

---

Lee H. Ogburn, Armand J. Volta, Jr., Baltimore, MD, Jacob A. Stein, Washington, DC, Pamela Morgan Hodge, Cincinnati, OH, for plaintiff.

Christopher C. Tsien, Columbia, MD, Stanley J. Levy, New York City, Carl E. Tuerk, Jr., Wendy Ann Hartmann, George C. Davis, Kenneth F. Davies, Baltimore, MD, William J. Bowman, James W. Greene, John E. Heintz, Robert L. Hoegle, Washington, DC, Michael B. Mann, Towson, MD, for defendants.

## OPINION

MESSITTE, District Judge.

In this protracted litigation between former employees of the Bethlehem Steel Plant at Sparrows Point or their personal representatives ("the Intervenors") and the Defendant insurance companies that at one time or another provided insurance policies to Wallace & Gale, an insulation contractor currently in bankruptcy, the Intervenors have filed a Motion for Reconsideration, asking the Court to revisit its June 4, 1997 Order granting summary judgment to Defendant Liberty Mutual Insurance Company. Liberty Mutual vigorously opposes the Motion. Having read the parties' pleadings, the Court will DENY the Motion for Reconsideration.[1]

---

1. Conditional upon the Court's grant of the     Intervenors' Motion for Reconsideration, De-

## I.

In its June 4, 1997 Order, while this case was still in the "duty to defend" stage, the Court dismissed Liberty Mutual from the case, finding as a matter of law that the Intervenors could not prove by clear and positive evidence the terms, conditions and limits of lost policies that Liberty Mutual purportedly issued to Wallace & Gale. At the hearing on Liberty Mutual's Motion for Summary Judgment, the Court noted significant gaps in the evidence, concluding *inter alia* that the Intervenors had adduced nothing more than "sheer speculation as to how much coverage, if any, would apply in this case." More than five years later, Intervenors ask the Court to reconsider its ruling, arguing that the caselaw and record have developed in such a way that it is now possible to establish the details of the Liberty Mutual coverage.

Specifically, the Intervenors argue that, due to "a change" in the law, the standard of proof in Maryland necessary to establish the amount of insurance coverage is no longer the clear and positive (for which read "clear and convincing") evidence standard but instead is a preponderance of the evidence standard. Further, they say, evidence previously unavailable to them now provides a basis for establishing the terms, conditions and limits of the Liberty Mutual policies. Their expert witness, Leonard J. Silver, can now purportedly testify as to the significance of this new evidence, including the likely details of the coverage Liberty Mutual provided to Wallace & Gale.

Liberty Mutual responds based on considerations set forth in Fed.R.Civ.P. 60(b) as well as Local Rule 105.10, which address the standards for evaluating motions for reconsideration. Among other things, Liberty Mutual argues that Intervenors' motion comes too late (Local Rule 105.10), that there is no "newly discovered evidence" the Intervenors, which by due diligence, could not have discovered earlier (Fed.R.Civ.P. 60(b)), and that Travelers would be seriously prejudiced if the Court were to grant the motion.

## II.

■ As far as the standards that apply to the Motion, the Intervenors are quite correct that, insofar as revision of an interlocutory order is concerned, Fed.R.Civ.P. 54(b) applies, not 60(b). *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1469–70 (4th Cir.1991). By the former rule, in the absence of an express finding by the Court that there is no just reason to delay entry of judgment against one but fewer than all the parties, the "decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed.R.Civ.P. 50(b). Since the Court made no express finding entering judgment in its June 4, 1997 Order vis-a-vis Liberty Mutual, the Court retains full authority to revise to revise that Order at this time. The Court may thus revisit that Order in its discretion. *See High Country Arts and Craft Guild v. Hartford Fire Ins. Co.,* 126 F.3d 629, 635 (4th Cir.1997). Exercising its discretion, however, the Court chooses to DENY the Motion to Reconsider. A few observations will suffice.

■ With regard to the alleged "change" in controlling law pertaining to the standard of proof when lost insurance

---

fendant Travelers Casualty and Surety Company has filed a Motion for Leave to File Cross–Claim or, in the Alternative, Third–Party Complaint Against Liberty Mutual. Because the Court is denying the Intervenors' Motion for Reconsideration, Travelers' Motion is MOOT.

policies are involved, the Court continues to adhere to the "clear and positive" evidentiary standard established by *Barranco v. Kostens,* 189 Md. 94, 54 A.2d 326, 328 (1947), the same standard it relied on in its June 4, 1997 Order granting summary judgment in favor of Liberty Mutual. The Court is not prepared to accept that the ruling of a single circuit court judge, issued subsequent to the Court of Appeals decision in *Barranco,* overruled *Barranco.*

■ As for the "evidence" that the Intervenors now purport to adduce, whether deemed "new" or "old," the outcome remains the same. That policies were issued by Liberty Mutual to Wallace & Gale between 1959 and 1961 seems certain. But the Intervenors' evidence as to the terms and conditions of the policies remains nothing more than a supposition by their expert that Travelers used the Standard 1955 form developed by the American Mutual Alliance Rating Bureau and the National Bureau of Casualty Underwriters. This supposition turns to almost pure guesswork when it comes to the amount of coverage for bodily injury liability supposedly provided under the policies, which Intervenors say is $500,000 per person, $1,000,000 per accident or occurrence and $1,000,000 for products and completed operations claims.

Intervenors' argument is all the more remarkable in view of what they had to say in an earlier phase of these proceedings when they attempted to persuade the Court that there were "important differences" between their claim against Travelers involving lost policies and their claim against Liberty Mutual:

> Travelers' attempt to characterize the missing 1962–1965 Aetna policies as being similar to the Liberty Mutual situation addressed by this Court in 1997 ignores important differences in the evidence. First and foremost, Liberty Mutual clearly disputed that it issued comprehensive general liability policies to Wallace & Gale during the alleged time period. In this case Travelers' Rule 30(b)(6) designee testified that Aetna *did* issue the 1962—1965 policies to Wallace & Gale. Another key difference is the fact that there was no testimony in the record regarding the terms and conditions (or even policy years) of the alleged Liberty Mutual coverage. Here, there is substantial testimony and documentary evidence of the 1962–1965 Aetna policy basic terms and conditions; the policy periods and policy numbers; the insured; the type of coverage provided (CGL coverage including bodily injury); and evidence regarding policy limits. Therefore, the Court's 1997 ruling on Liberty Mutual's Motion for Summary Judgment has no applicability to the Aetna 1962–1965 policies.

Finally, there is the matter of fairness to Liberty Mutual. Since its dismissal five years ago, Liberty Mutual has not participated in the proceedings in any way. The case stands ready for final resolution. As Liberty Mutual points out, for the Court to revisit the issue of the existence of insurance coverage by Liberty Mutual after the rest of the case has been resolved would almost certainly raise serious due process issues. Undue prejudice such as that is a further factor militating against reconsideration of the Court's June 1997 Order. *See Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir. 1990) ("likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened" is an appropriate factor to weigh in deciding motion for reconsideration).

At long last this litigation, which began in 1994, is about to conclude, at least at the trial stage. The Court is not prepared to

turn back the clock and have the parties start this marathon all over again.

A separate Order will be ENTERED implementing this Opinion.

### ORDER

Upon consideration of the Intervenors' Motion for Reconsideration and Liberty Mutual's Opposition thereto, it is for the reasons set forth in the accompanying Opinion this 18 day of September, 2002

ORDERED:

1) The Intervenors' Motion for Reconsideration of Summary Judgment in Favor of Liberty Mutual (Paper No. 307) is DENIED; and

2) Travelers' Motion for Leave of the Court to File Cross–Claim or, in the Alternative, Third–Party Complaint Against Liberty Mutual (Paper No. 306) is MOOT.